# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PUERTO RICO ASPHALT, LLC,** | |
| Appellant | |
| v. | Civil 19-1661 (ADC) |
| **BETTEROADS ASPHALT, LLC,** | |
| Appellee. | |

## OPINION & ORDER

Pending before the Court is Puerto Rico Asphalt, LLC's ("PRA") Urgent Motion for Stay Pending Appeal. **ECF No. 3**. Firstbank Puerto Rico, Banco Santander de Puerto Rico, the Economic Development Bank for Puerto Rico, and Banco Popular (collectively the "lenders") opposed. **ECF No. 10**. PRA replied. **ECF No. 14**. For the reasons set forth below, PRA's motion is **DENIED**.

I.     Background

On June 9, 2017, the lenders, St. James Security, Inc., Champion Petroleum, Inc., and Control Force, Corp. filed an involuntary petition for relief under the Bankruptcy Code against Betterecycling Corporation ("Betterecycling") in the US Bankruptcy Court for the District of Puerto Rico. **Bankruptcy Petition ("BP") No. 17-4157, ECF No. 1**. That same day, the lenders, Sargeant Marine, Inc., Sargeant Trading LTD, and Facsimil Paper Connection Corp., filed an

involuntary petition against Betteroads Asphalt, LLC ("Betteroads")[1]. **BP No. 17-4156, ECF No. 1.** The cases were administratively consolidated by the Bankruptcy Court.[2] *See* **BP No. 17-4156, ECF No. 480; BP No. 17-4157, ECF No. 339.** On June 12, 2017, the lenders requested the appointment of an interim Chapter 11 trustee. **BP No. 17-4156, ECF No. 14; BP No. 4157, ECF No. 8**. Betteroads and Betterecycling (collectively "alleged debtors") opposed. **BP No. 17-4156, ECF No. 47; BP No. 4157, ECF No. 28**.

On June 27, 2017, alleged debtors moved for dismissal of the involuntary petitions. **BP No. 17-4156, ECF No. 46; BP No. 4157, ECF No. 27**. The lenders opposed, alleged debtors replied, and lenders sur-replied. **BP No. 17-4156, ECF No. 74; BP No. 4157, ECF Nos. 52, 68, 79**. After an initial hearing, discovery then ensued. On November 13, 2017, the lenders moved for summary judgment and alleged debtors opposed. **BP No. 17-4156, ECF No. 120-121, 167-168; BP No. 4157, ECF No. 87-88, 123-124**.

During the November 17, 2017 hearing to discuss the pending motions, the Bankruptcy Court held that there is no statutory requirement that petitioning creditors commence an involuntary petition in good faith; instead, the critical issue hinged on whether bad faith is a valid ground to dismiss an involuntary petition. **BP No. 17-4156, ECF No. 135; BP No. 4157, ECF**

---

[1] For ease of reference, lenders, St. James Security, Inc., Champion Petroleum, Inc., and Control Force, Corp., Sargeant Marine, Inc., Sargeant Trading LTD, Facsimil Paper Connection Corp. will be collectively referred to as "petitioning creditors."

[2] The filings and the Bankruptcy Court's ruling in both cases are virtually identical and extensive. To date, the bankruptcy case includes adversary proceedings involving other creditors and contested matters. Also, various appeals have been filed by lenders, alleged debtors and PRA. For purposes of clarity and judicial efficiency, the Court will only address the matters relevant to the instant motion to stay this appeal.

**No. 98.** Upon finding that bad faith is a fact intensive issue which generally relies on equitable principles, the court granted the parties 21 days to file supplemental briefs on the good and bad faith issue. *Id*. Lenders and alleged debtors filed their respective memorandums in compliance. **BP No. 17-4156, ECF No. 169, 170, 181, 182; BP No. 4157, ECF No. 125, 126, 136, 137**. On August 24, 2018, PRA filed a notice of appearance as a party in interest in the Betteroads case. **BP No. 17-4156, ECF No. 240.**

On November 30, 2018, the Bankruptcy Court issued an Opinion and Order ruling as follows: (1) the petitioning creditors satisfied the three-prong requirement for filing an involuntary petition; (2) bad faith is an independent cause for dismissal of an involuntary petition under section 303(b); and (3) the alleged debtors failed to show that dismissal pursuant to section 305(a)(1) abstention is in the best interest of both the creditors and the debtor. **BP No. 17-4156, ECF No. 271; BP No. 4157, ECF No. 206**. The Bankruptcy Court then scheduled an evidentiary hearing to consider whether the involuntary petitions were filed in bad faith. **BP No. 17-4156, ECF No. 273, 308; BP No. 4157, ECF No. 208, 243**. Thereafter, the parties filed various amended discovery schedules.

On March 25, 2019, PRA filed a motion to quash the lenders' *subpoena* to appear at a deposition and requesting production of documents. **BP No. 17-4156, ECF No. 299**. Lenders and PRA actively contested this matter. **BP No. 17-4156, ECF No. 300, 306, 314, 315, 335**. Ultimately, the Court denied PRA's motion to quash the *subpoena* and PRA's deposition was conducted. **BP No. 17-4156, ECF No. 345**.

On May 13, 2019, alleged debtors filed a motion requesting extension of the discovery schedule and conversion of the evidentiary hearing into a status hearing, or to address the pending discovery. **BP No. 17-4156, ECF No. 375; BP No. 4157, ECF No. 259**. Lenders opposed said request. **BP No. 17-4156, ECF No. 390; BP No. 4157, ECF No. 267**. Alleged debtor's request for hearing conversion was denied by the Bankruptcy Court, which noted that the parties had ample time to conduct discovery. **4157, ECF No. 295**.

On June 20 and 21, 2019, the petitioning creditors and alleged debtors filed their respective pretrial reports. **BP No. 17-4156, ECF No. 413-419, 431, 459, 461, 464; BP No. 4157, ECF No. 283, 284, 285-290**. On June 25, 2019, the Bankruptcy Court reaffirmed the June 27 hearing date and scheduled 5 additional hearing dates. *Id.*

On June 25, 2019, alleged debtors filed a motion *in limine* to exclude various depositions as well as lender's expert John P. Sordillo's report and testimony from the evidentiary hearing, and also requesting sanctions against the lenders. **BP No. 17-4156, ECF No. 424, 425; BP No. 4157, ECF No. 293, 294**. On June 26, 2019, PRA filed an urgent motion to suppress certain discovery from the evidentiary hearing, including lenders' expert's report and testimony and PRA's deposition. **BP No. 17-4156, ECF No. BP No. 4157, ECF No. 298**.

During the June 27, 2019 evidentiary hearing, the Bankruptcy Court addressed various matters pertaining to alleged debtor's motion to dismiss the involuntary petition as well as the pending motions and discovery disputes.[3] **BP No. 17-4156, ECF No. 480; BP No. 4157, ECF No.**

---

[3] Among these matters, the court denied debtor's request for the posting of a bond. **4157, ECF No. 339**.

**339**. Essentially, after hearing the parties, the Bankruptcy Court concluded that the parties should coordinate whatever discovery was pending and noted that the court had no intention to further continue the schedules of the hearings. On this issue, the Bankruptcy Court pointed out that despite Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 1013's mandate that involuntary petitions be expedited, the involuntary petitions were filed on June 9, 2017, two years of ongoing litigation had transpired, and required a prompt resolution. Additionally, the Bankruptcy Court denied without prejudice alleged debtors' motion seeking to exclude the report by the lenders' proposed expert citing Federal Rule of Civil Procedure 26's ("Rule 26") limited applicability to contested matters and noted that the report had not yet come to the attention of the court by the petitioning creditors.

Also, during the hearing, lenders opposed PRA's motion to suppress. Counsel for PRA, for its part, argued in support of their motion, noting that: lenders had not submitted a final expert report and the report was not signed; they were deprived of the right to depose the expert since the report was provided on June 20, 2019; PRA had standing on Federal Rule of Civil Procedure 19 ("Rule 19") (necessary party) since the court's ruling would affect PRA's rights and interests; and notice should've been given to PRA during discovery in order to defend itself from the allegations from the lenders.

Upon hearing the parties' arguments on this point, the Bankruptcy Court concluded that PRA lacked standing to request the striking, suppression or reopening of discovery in the bankruptcy case. Specifically, the court held that PRA lacked standing in the contested matter

since it was only subject to discovery regarding the motion to dismiss filed by the alleged debtors. The court further noted the petitioning creditors did not file an involuntary petition against PRA and it was up to the petitioners to decide whether PRA would be joined as a debtor. According to the court, based on the allegations on the pretrial reports and motions filed by the parties, PRA was the subject of discovery only regarding the pending issue of good/bad faith mainly because the alleged debtors purportedly transfers from alleged debtors to PRA led to the filing of the instant petitions. Lastly, the court reiterated the inapplicability of certain provisions of Rule 26 in contested matters, precluding PRA's claims under such rule.

On July 9, 2019, PRA filed a notice of appeal within the bankruptcy proceedings as to the court's bench ruling denying their motion to suppress, and moved for a stay pending appeal. **BP No. 17-4156, ECF No. 445, 446; BP No. 4157, ECF No. 306, 307**. On July 12, 2019, the Bankruptcy Court denied PRA's request for a stay pending appeal noting that PRA failed to show a likelihood of success on the merits and irreparable harm. **BP No. 17-4156, ECF No. 454; BP No. 4157, ECF No. 314**. As to the former, the Bankruptcy Court held that mandatory joinder requirements in Rule 19 made applicable to adversary proceedings via Fed. R. Bankr. P. 7019 do not apply to contested matters such as the alleged debtors' motion to dismiss and the hearing to determine whether the lenders acted in bad faith by filing the involuntary petition. This deprived PRA of standing to request the suppression of evidence. *Id.* The Bankruptcy Court further pointed out that discovery orders are interlocutory and thus not final appealable orders. *Id.*

Lastly, the court held that PRA failed to show irreparable harm absent a specific showing as to how its interests would be affected. *Id.*

On July 12, 2019, PRA filed the instant motion requesting a stay pending appeal, setting forth the same arguments raised before the Bankruptcy Court. **ECF No. 3**. Lenders opposed, and PRA replied. **ECF Nos. 10, 14.**

## II. Applicable Law

A motion for stay pending appeal is governed by Fed. R. Bankr. P. 8007 and remains solely within the court's discretion. *In re MJS Las Croabas Props.*, 2015 Bankr. LEXIS 2147, *4. In exercising such discretion, courts consider the traditional four-part standard applicable to preliminary injunctions. *In re MJS Las Croabas Props.*, 2015 Bankr. LEXIS 2147, *4 (citing *Acevedo-García v. Vera-Monroig*, 296 F.3d 13, 16 (1st Cir. 2002)); *see also Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012). The Supreme Court held that the following factors regulate the issuance of a stay: "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987); *see also Acevedo-García*, 296 F.3d at 16; *Sindicato Puertorriqueño de Trabajadores*, 699 F.3d at 10.

Since "[a] motion for stay pending appeal is an extraordinary remedy…", it "requires a substantial showing on the part of the movant. In order to grant the motion for stay pending appeal all four prongs must be satisfied. Failure to meet the four prongs dooms the motion." *In*

re *MJS Las Croabas Props.*, 2015 Bankr. LEXIS 2147, *4-5 (Bankr. D.P.R. 2015) (citing *In re MEDSCI Diagnostics, Inc.*, 2011 WL 280866 at *3, 2011 Bankr. LEXIS 283 at *8 (Bankr. D.P.R. 2011)); *see also Cantera Dorado, Inc. v. PR Asset Portfolio 2013-1 Int'l, LLC (In re Cantera Dorado, Inc.)*, 512 B.R. 126, 130 (D.P.R. 2014) (if a party fails to satisfy any one of the four requirements, however, the Court has discretionary authority to deny the stay).

Nonetheless, in conducting this analysis, the Supreme Court noted that the first two factors are the "most critical". *Rivera v. Lake Berkley Resort Master Ass'n (In re Rivera)*, 532 B.R. 425, 427 (D.P.R. 2015) (citing *Nken v. Holder*, 556 U.S. 418 (2009)). Of those two factors, "'[t]he *sine qua non* [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'" *In re Rivera*, 532 B.R. at 427 (citing *Acevedo-García*, 296 F.3d at 16). Essentially, "the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party].'" *Acevedo-Garcia*, 296 F.3d at 16-17 (citing *United Steelworkers of America v. Textron, Inc.*, 836 F.2d 6, 7 (1st Cir. 1987)).

### III. Analysis

**Likelihood of success on appeal**

The Court must first determine whether PRA has shown a likelihood of success on the merits of the appeal, which seeks to overturn the Bankruptcy Court's "determination that PRA has no standing to request the striking, suppressing and/or reopening of the discovery in the bankruptcy case." **ECF No. 3**. As previously argued before the Bankruptcy Court, PRA contends

that it has a "substantial possibility" of success on the merits of the appeal. To satisfy this requirement, however, PRA must show, "more than mere possibility" of success — rather, they must establish a 'strong likelihood' that they will ultimately prevail." *Sindicato Puertorriqueño de Trabajadores*, 699 F. 3d at 10 (quoting *Respect Mr. PAC v. McKee*, 622 F. 3d 13, 15 (1st Cir. 2010)).

In attempting to meet such threshold, PRA's argument is twofold. First, PRA contends that the Bankruptcy Court erred in finding that they lacked standing to seek the suppression, striking and/or reopening of the discovery in the case insofar PRA is a necessary party pursuant to Rule 19, made applicable by Fed. R. Bankr. P. 7019. According to PRA, Fed. R. Bankr. P. 1018 applies to proceedings contesting an involuntary petition such as the one at issue here, and Fed. R. Bankr. P. 1018 allows the bankruptcy court to apply Rule 19.

Secondly, PRA argues that the Bankruptcy Court erred by "not striking the discovery for its evidentiary issues." **ECF No. 3** at 10. Specifically, PRA asserts that the court incorrectly disregarded the applicability of Fed. R. Bankr. P. 1018 in this case, which extends Rule 26's application to involuntary petitions. Instead, the court held that only Fed. R. Bankr. P. 1017 applied – which precludes the applicability of certain provisions of Rule 26 to contested matters, and consequently refused to strike the lenders' expert's report for failure to comply with Rules 26(a)(2) and (b)(4). Lastly, PRA asserts that the Bankruptcy Court erred by: not suppressing PRA's deposition; allowing the use of exhibits in the Spanish language; and allowing the use of lenders' pretrial reports which are "plagued with proposed statements and exhibits that must be excluded as inadmissible hearsay." *Id.*

In opposition, lenders point out that alleged debtors rehash the same arguments set forth before - and rejected - by the Bankruptcy Court as to their purported likelihood of success on the merits. **ECF Nos. 10.** According to lenders, PRA has no likelihood of success on the merits insofar as the Bankruptcy Court's ruling as to discovery is an unappealable interlocutory order, and PRA did not seek leave from the Bankruptcy Court to appeal this interlocutory matter as required under Fed. R. Bankr. P. 8003(a) and 8004.[4] Lenders further argue that PRA lacked standing to assert any request to suppress or strike evidence under both Fed. R. Bankr. P. 1017 and 1018 since both preclude the applicability of Rule 19. Lenders also highlight that despite PRA's recent arguments that they are a necessary party to the proceedings under Rule 19, three months prior to filing their motion to suppress, PRA filed a motion to quash a *subpoena* wherein they repeatedly asserted not being a party to the case and argued that the documents sought by lenders were irrelevant to the case at hand.

*A. Contested matter*

At the outset, there is no question that the issue before the Bankruptcy Court, namely alleged debtors' motion to dismiss the involuntary petitions, is a contested matter. *See In re Tobacco Rd. Assocs.*, LP, 2007 U.S. Dist. LEXIS 22990, *22 (E.D. Penn. 2007) (a proceeding related to a contested involuntary petition is to be treated as a contested matter). Thus, alleged debtors' argument that lenders' motion to dismiss and the evidentiary hearings regarding such motion

---

[4] Fed. R. Bankr. P. 8004 provides for appeals from interlocutory orders or decrees by a bankruptcy court; a party must file a notice of appeal as prescribed by Fed. R. Bankr. P. 8003(a), which must be accompanied by a motion for leave to appeal.

constituted adversary proceedings which warranted a trial on the merits irremediably fails. Pursuant to Fed. R. Bankr. P. 1017, Fed. R. Bankr. P. 9014 governs a proceeding to dismiss a case. Moreover, according to First Circuit case law, a motion to dismiss in a bankruptcy proceeding constitutes a contested matter, as provided by Fed. R. Bankr. P. 9014. *See In re Hoover*, 828 F.3d 5, 9 (1st Cir. 2016) (in contested matters such as motions to dismiss, Federal Rule of Bankruptcy Procedure 9014 applies); *see also Rivera Balaguer v. Perez (In re Rivera Balaguer)*, 248 F. Supp. 3d 329, 334 (D.P.R. 2017).

> Fed. R. Bankr. P. 9014 (c) provides, in pertinent part:
>
> Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071. The following subdivisions of Fed.R.Civ.P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan).

Thus, as the Bankruptcy Court correctly pointed out, "the mandatory joinder requirements in Rule 19, made applicable to adversary proceedings by Fed. R. Bankr. P. 7019, do not apply to contested matters…" such as lenders' motion to dismiss. *Fisher Island Invs., Inc. v. Solby+Westbrae Partners*, 778 F.3d 1172, 1194 (11th Cir. 2015) (citing Fed. R. Bankr. P. 1018; Fed. R. Civ. P. 19). Likewise, Fed. R. Bankr. P. 1018 generally excludes the applicability of Rule 19 in proceedings contesting involuntary petitions.[5] Consequently, PRA's argument that it was

---

[5] "Unless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings contesting an involuntary petition or a chapter 15 petition for recognition, and to all proceedings to vacate an order for relief: Rules 7005, 7008–7010, 7015, 7016, 7024–7026, 7028–7037, 7052, 7054,

necessary party under Rule 19 fails under both Fed. R. Bankr. P. 1017 and 1018, depriving PRA of standing to assert a right to depose lenders' expert or request the striking or suppression of any evidence in the bankruptcy proceedings. As the Bankruptcy Court correctly noted, PRA is not a debtor to date, and is only an "entity that is subject to discovery in order to establish that the involuntary petitions were filed in good faith." Consequently, they had no authority to request the suppression of the lenders' expert report or assert rights pursuant to Rule 26(b)(4) to depose, interrogate or cross the expert witness prior to the evidentiary hearing.[6] Similarly, they lacked standing to request the suppression of any additional evidence or the allegations and filings made by the parties.

### B. Interlocutory appeal

Even more, the court's rulings clearly pertain to discovery in the bankruptcy proceedings and are thus interlocutory in nature. *See e.g. Hasso v. Mozsgai (In re La Sierra Fin. Servs.)*, 290 B.R. 718, 726 (Bankr. 9th Cir. 2002) (bankruptcy court's denial of a continuance and its discovery decisions are reviewed for an abuse of discretion). Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court, as well as interlocutory orders and decrees from which the district court has granted leave to

---

7056, and 7062. The court may direct that other rules in Part VII shall also apply. For the purposes of this rule a reference in the Part VII rules to adversary proceedings shall be read as a reference to proceedings contesting an involuntary petition or a chapter 15 petition for recognition, or proceedings to vacate an order for relief. Reference in the Federal Rules of Civil Procedure to the complaint shall be read as a reference to the petition."

[6] Additionally, the Court notes that the Bankruptcy Court specifically pointed out that alleged debtors' motion *in limine* as to lenders' expert was denied without prejudice "because presentation of the report by Petitioning Creditors [had] not been presented to the Court." **4156, ECF No. 454 at 12.**

appeal. *La Tierra Interiors, Inc. v. Wash. Fed. Savings (In re Tullius)*, 500 Fed. Appx. 286, 288 (5th Cir. 2012). It is well settled within this district that interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances. *Rodríguez-Borges v. Lugo-Mender*, 938 F. Supp. 2d 202, 212 (D.P.R. 2013) (citing *State Insurance Fund Corp. v. Medsci Diagnostics, Inc.*, No. 10-2239, 2012 U.S. Dist. LEXIS 32637 (D.P.R. Mar. 9, 2012); *see also Speer v. Tow (In re Royce Homes LP)*, 466 B.R. 81, 94-95 (Tx. S.D. 2012) (collection of cases).

Courts have emphasized that "[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge." *Speer v. Tow (In re Royce Homes LP)*, 466 B.R. 81, 94, 2012 U.S. Dist. LEXIS 5981, *34-35 (citing *Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 721 (S.D.N.Y. 1994)). "Even under the more relaxed standards of finality applicable to bankruptcy cases, discovery orders generally are held to be interlocutory and non-appealable." *In re Rivera Balaguer*, 248 F. Supp. 3d at 338 (citing *Countrywide Home Loans, Inc. v. Office of the United States Tr.*, 2008 U.S. Dist. LEXIS 45828, *10) (collection of cases); *see In re Tullius*, 2011 U.S. Dist. LEXIS 121629, *8-9 (courts are hesitant to grant leave to appeal interlocutory orders relating to discovery) (collection of cases). Aside from the fact that PRA did not request leave to appeal the Bankruptcy Court's interlocutory orders or findings, the instant appeal hinges on matters regarding the scope of discovery which are better left to the bankruptcy court's discretion. There

are no exceptional circumstances or a showing of abuse of discretion[7] that would compel us to intervene.

Considering the above, the Court concludes that PRA fails to show a likelihood of success on the merits and thus fails to meet the first prong of this analysis.

**Irreparable Harm**

It is well settled that "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *In re Efron*, 2013 Bankr. LEXIS 3887, *4, 2013 WL 5230640 (citing *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)). "It is not enough that the chance of success on the merits be better than negligible.... [S]imply showing some possibility of irreparable injury ... fails to satisfy the second factor." *Id.* (citing *Nken v. Holder*, 556 U.S. 418 (2009)).

As to irreparable harm, this Court has stated that a stay pending appeal cannot be granted merely because the losing party may suffer an adverse consequence. *In re Efron*, 2013 Bankr. LEXIS 3887, *5, 2013 WL 5230640 (collection of cases). Furthermore, mere economic losses do not represent irreparable injuries. *Id.* Indeed, "what matters . . . is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." *P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 n.1 (1st Cir. 2005).

---

[7] "A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision." *Hasso v. Mozsgai (In re La Sierra Fin. Servs.)*, 290 B.R. 718, 726 (Bankr. 9th Cir. 2002) (citing *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 212 (9th Cir. 1990) (citation omitted)).

To establish irreparable harm, a stay movant "must demonstrate an injury that is neither remote nor speculative, but actual and imminent." *In re Catholic Sch. Emples. Pension Trust*, 2018 Bankr. LEXIS 912, *10 (Bankr. D.P.R. 2018) (citing *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 571 (2015)). "Irreparable harm most often exists were a party has no adequate remedy at law." *Id.* (citing *Charlesbank Equity Fund II, Ltd. P'ship v. Blinds to Go Inc.*, 370 F.3d 151, 162 (1st Cir. 2004)). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *In re Catholic Sch. Emples. Pension Trust*, 2018 Bankr. LEXIS 912, *10 (citing *Revel*, 802 F.3d at 571).

PRA does not proffer how it will suffer irreparable harm aside from abstractly asserting that failure to stay the proceedings would "adversely impact" its interests and ability to protect its interests. **ECF No. 3** at 25. This fails to effectively show an actual and imminent injury. As such, PRA also fails to meet this prong. Based on the foregoing, this Court need not address the last two factors; alleged debtors presented no arguments meriting further consideration beyond the first two factors of this four-factor inquiry.

Lastly, the Court notes that the evidentiary hearings were already held, and the Bankruptcy Court issued a final decision denying debtor's motion to dismiss, which is currently on appeal in a separate case and wherein alleged debtors and PRA restate the arguments raised in this interlocutory appeal. The bankruptcy case continues its course to date. Therefore, a stay of the proceedings at this juncture would impede the already delayed ongoing proceedings

unnecessarily and not serve any purpose, especially in light of PRA's unlikelihood of prevailing on the merits on appeal.

### IV. Conclusion

Considering the above, PRA's urgent motion for stay pending appeal is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of February, 2020.

                                      **S/AIDA M. DELGADO-COLÓN**
                                      **United States District Judge**