THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO ASPHALT, LLC, | |
| Appellant | |
| v. | Civil 19-1661 (ADC) |
| BETTEROADS ASPHALT, LLC, | |
| Appellee. | |

| | |
|---|---|
| PUERTO RICO ASPHALT, LLC, | |
| Appellant | |
| v. | Civil 19-1662 (ADC) |
| BETTERECYCLING CORPORATION | |
| Appellee. | |

## OPINION AND ORDER

Pending before the Court is Firstbank Puerto Rico, Banco Santander de Puerto Rico, Economic Development Bank for Puerto Rico, and Banco Popular de Puerto Rico's (collectively the "lenders") motion to dismiss for lack of jurisdiction. **ECF No. 33**. Puerto Rico Asphalt, LLC ("PRA") opposed. **ECF Nos. 44, 48**. Lenders replied. **ECF No. 55**.

For the reasons set forth below, lenders' motion to dismiss is **GRANTED** and PRA's appeal is **DISMISSED with prejudice**.

### I.       Background

On June 9, 2017, the lenders, St. James Security, Inc., Champion Petroleum, Inc., and Control Force, Corp. filed an involuntary petition for relief under the Bankruptcy Code against Betterecycling Corporation ("Betterecycling") in the US Bankruptcy Court for the District of Puerto Rico. **Bankruptcy Petition ("BP") No. 17-4157, ECF No. 1**. That same day, the lenders, Sargeant Marine, Inc., Sargeant Trading LTD, and Facsimil Paper Connection Corp., filed an involuntary petition against Betteroads Asphalt, LLC ("Betteroads")[1]. **BP No. 17-4156, ECF No. 1.** The cases were administratively consolidated by the Bankruptcy Court.[2] *See* **BP No. 17-4156, ECF No. 480; BP No. 17-4157, ECF No. 339.** On June 12, 2017, the lenders requested the appointment of an interim Chapter 11 trustee. **BP No. 17-4156, ECF No. 14; BP No. 4157, ECF No. 8**. Betteroads and Betterecycling (collectively "debtors") opposed. **BP No. 17-4156, ECF No. 47; BP No. 4157, ECF No. 28**.

On June 27, 2017, debtors moved for dismissal of the involuntary petitions alleging they were filed in bad faith. **BP No. 17-4156, ECF No. 46; BP No. 4157, ECF No. 27**. The lenders opposed, debtors replied, and lenders sur-replied. **BP No. 17-4156, ECF No. 74; BP No. 4157, ECF Nos. 52, 68, 79**. After an initial hearing, discovery then ensued. On November 13, 2017, the

---

[1] For ease of reference, lenders, St. James Security, Inc., Champion Petroleum, Inc., and Control Force, Corp., Sargeant Marine, Inc., Sargeant Trading LTD, Facsimil Paper Connection Corp. will be collectively referred to as "petitioning creditors."

[2] The filings and the Bankruptcy Court's ruling in both cases are virtually identical and extensive. To date, the bankruptcy case includes adversary proceedings involving other creditors and contested matters. Also, various appeals have been filed by lenders, debtors, and PRA. For purposes of clarity and judicial efficiency, the Court will only address the matters relevant to the instant appeal.

lenders moved for summary judgment and debtors opposed. **BP No. 17-4156, ECF Nos. 120, 121, 167, 168; BP No. 4157, ECF Nos. 87, 88, 123, 124**.

During the November 17, 2017 hearing to discuss the pending motions, the Bankruptcy Court held that there is no statutory requirement that petitioning creditors commence an involuntary petition in good faith; instead, the critical issue hinged on whether bad faith was a valid ground to dismiss an involuntary petition. **BP No. 17-4156, ECF No. 135; BP No. 4157, ECF No. 98.** Upon finding that bad faith was a fact intensive issue which generally relied on equitable principles, the court granted the parties 21 days to file supplemental briefs on the good and bad faith issue. *Id*. Lenders and debtors filed their respective memorandums in compliance. **BP No. 17-4156, ECF Nos. 169, 170, 181, 182; BP No. 4157, ECF Nos. 125, 126, 136, 137**.

On August 24, 2018, PRA filed a notice of appearance as a party in interest in the Betteroads case.[3] **BP No. 17-4156, ECF No. 240.** On November 30, 2018, the Bankruptcy Court issued an Opinion and Order ruling as follows: (1) the petitioning creditors satisfied the three-prong requirement for filing an involuntary petition; (2) bad faith is an independent cause for dismissal of an involuntary petition under section 303(b); and (3) the debtors failed to show that dismissal pursuant to section 305(a)(1) abstention is in the best interest of both the creditors and the debtor. **BP No. 17-4156, ECF No. 271; BP No. 4157, ECF No. 206**. The Bankruptcy Court then scheduled an evidentiary hearing to consider whether the involuntary petitions were filed in

---

[3] In their motion, PRA qualified its appearance as a party in interest "i.e., defendant to a related adversary, without submitting to the jurisdiction of this Honorable Court…" As of August 28, 2018, PRA had access to the bankruptcy case dockets.

bad faith. **BP No. 17-4156, ECF Nos. 273, 308; BP No. 4157, ECF Nos. 208, 243**. Thereafter, the parties filed various amended discovery schedules.

On March 25, 2019, PRA filed a motion to quash the lenders' *subpoena* to appear at a deposition and requesting production of documents. **BP No. 17-4156, ECF No. 299**. Lenders and PRA actively contested this matter. **BP No. 17-4156, ECF Nos. 300, 306, 314, 315, 335**. Ultimately, the Court denied PRA's motion to quash the *subpoena* and PRA's deposition was conducted. **BP No. 17-4156, ECF No. 345**.

On May 13, 2019, debtors filed a motion requesting extension of the discovery schedule and conversion of the evidentiary hearing into a status hearing, or to address the pending discovery. **BP No. 17-4156, ECF No. 375; BP No. 4157, ECF No. 259**. Lenders opposed said request. **BP No. 17-4156, ECF No. 390; BP No. 4157, ECF No. 267**. Debtors' request for hearing conversion was denied by the Bankruptcy Court, which noted that the parties had ample time to conduct discovery. **4157, ECF No. 295**. On June 20 and 21, 2019, the petitioning creditors and debtors filed their respective pretrial reports. **BP No. 17-4156, ECF Nos. 413-419, 431, 459, 461, 464; BP No. 17-4157, ECF Nos. 283, 284, 285-290**. On June 25, 2019, the Bankruptcy Court reaffirmed the June 27 hearing date and scheduled five (5) additional hearing dates. *Id.*

On June 25, 2019, debtors filed a motion *in limine* to exclude various depositions as well as lenders' expert John P. Sordillo's report and testimony from the evidentiary hearing, and also requesting sanctions against the lenders. **BP No. 17-4156, ECF No. 424, 425; BP No. 17-4157, ECF No. 293, 294**. On June 26, 2019, PRA, as party in interest, filed an urgent motion to suppress

certain discovery from the evidentiary hearing, including lenders' expert's report and testimony, and PRA's deposition. **BP No. 17-4157, ECF No. 298**. PRA also argued it was a necessary party under Fed. R. Civ. P. 19 (made applicable by Fed. R. Bankr. P. 7019) arguing that the disposition of the contested matter, that is, lenders' motion to dismiss the involuntary petitions[4], without their intervention risked their ability to protect their interests or afford complete relief among the parties. *Id*.

During the June 27, 2019 evidentiary hearing[5], the Bankruptcy Court addressed various matters pertaining to debtor's motion to dismiss the involuntary petition, the discovery disputes, and PRA and lenders' respective motions to suppress. **BP No. 17-4156, ECF No. 480; BP No. 4157, ECF No. 339**. Of particular relevance to this appeal, the Bankruptcy Court issued bench rulings denying PRA's motion to suppress as well as debtors' motion seeking to exclude the report by the lenders' proposed expert, citing Fed. R. Civ. P. 26's ("Rule 26") limited applicability to contested matters and noting that the report had not yet come to the attention of the court by the petitioning creditors, rendering the issue premature. The Bankruptcy Court also concluded that PRA – who was not a debtor or creditor in the case - lacked standing to seek suppression of discovery as it pertained to the contested matter, namely, debtors' motion to dismiss the

---

[4] In *In re Hoover*, 828 F.3d 5 (1st Cir. 2016), the First Circuit held that a motion to dismiss in a bankruptcy proceeding constitutes a contested matter, as provided by Rule 9014 of the Federal Rules of Bankruptcy Proceeding ("Fed.R.Bank.P.").

[5] The hearing was held on June 27, and continued on July 15, 17 and 18, 2019. *See* **BP No. 17-4156, ECF No. 520; BP No. 4157, ECF No. 362.** The oral ruling object of this appeal, however, was issued during the June 27, 2019 session.

involuntary petitions and more specifically, the determination whether the petitions were filed in bad faith.

On July 9, 2019, PRA filed a notice of appeal within the bankruptcy proceedings as to the Bankruptcy Court's bench ruling denying their motion to suppress for lack of standing and moved for a stay pending appeal. **BP No. 17-4156, ECF Nos. 445, 446; BP No. 4157, ECF Nos. 306, 307**. On July 12, 2019, the Bankruptcy Court denied PRA's request for a stay pending appeal noting that PRA failed to show a likelihood of success on the merits and irreparable harm. **BP No. 17-4156, ECF No. 454; BP No. 4157, ECF No. 314**.[6]

On July 12, 2019, PRA filed a motion with this Court requesting the stay of the bankruptcy proceedings pending appeal, setting forth the same arguments raised before the Bankruptcy Court. **ECF No. 3**. Lenders opposed, and PRA replied. **ECF Nos. 10, 14.** On February 11, 2020, this Court denied PRA's motion to stay, mirroring the Bankruptcy Court's reasoning. **ECF No. 35**. In the interim, on October 11, 2019, the Bankruptcy Court issued an Opinion and Order finding that the involuntary petitions were not filed in bad faith and entered an order for relief under Chapter 11 of the Bankruptcy Code. **BP 17-4157, ECF No. 363**. PRA and debtors filed various appeals stemming from said Opinion and Order as well as various decisions by the

---

[6] The Bankruptcy Court held that mandatory joinder requirements in Fed. R. Civ. P. 19 ("Rule 19") made applicable to adversary proceedings via Fed. R. Bankr. P. 7019 are not applicable to contested matters such as the debtors' motion to dismiss and the hearing to determine whether the lenders acted in bad faith by filing the involuntary petition. This deprived PRA of standing to request the suppression of evidence. *Id.* The Bankruptcy Court further pointed out that discovery orders are interlocutory and thus not final appealable orders. *Id.* Lastly, the Bankruptcy Court held that PRA failed to show irreparable harm absent a specific showing as to how its interests would be affected. *Id.*

Bankruptcy Court; these appeals are currently pending before the Court. *See* **Civil Nos. 19-2019,**

**19-2020, 19-2021, 19-2023**.

On February 10, 2020, lenders moved to dismiss this appeal for lack of jurisdiction. **ECF**

**No. 33.** They also filed their Appellee brief. **ECF No. 38**. PRA opposed lenders' request for

dismissal. **ECF Nos. 44, 48**. Lenders replied. **ECF No. 55**.

## II.    Applicable Law

*A.  Appellate standing*

"Because federal courts are powerless to act in the absence of subject matter jurisdiction,

we have an unflagging obligation to notice jurisdictional defects." *Lee-Barnes v. Puerto Ven Quarry*

*Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (citing *Espinal-Domínguez v. Puerto Rico*, 352 F.3d 490, 495 (1st

Cir. 2003)). In bankruptcy appeals, the standing requirement "is more restrictive than the 'case

or controversy' standing requirement of Article III, which 'need not be financial and need only

be 'fairly traceable' to the alleged illegal action.'" *Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521,

540 (D.D.C. 2008) (citing *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3rd Cir. 1995)). On

this point, the First Circuit has held that "only a 'person aggrieved' by a bankruptcy court order

has standing to appeal, and that 'person aggrieved' is one whose pecuniary interests are 'directly

and adversely' affected by an order of the bankruptcy court." *Cousins Int'l Food Corp. v. Vidal*,

565 B.R. 450, 458 (1st Cir. B.A.P. 2017) (quoting *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117-18

(1st Cir. 2001)). As in other jurisdictional contexts, the party asserting appellate jurisdiction bears

the burden of establishing standing to appeal. *Id.*

### B. *Appellate jurisdiction*

District courts have jurisdiction to hear appeals from "final judgments, orders and decrees" and "with leave of court, from other interlocutory orders and decrees" issued by bankruptcy judges. 28 U.S.C. §§ 158(a)(1), (a)(3). When appealing from an interlocutory order, appellants must file a notice of appeal and a motion for leave to appeal. Fed. R. Bankr. P. 8004(a). In cases where appellant files a timely notice of appeal but does not seek leave, a district court may "treat the notice of appeal as a motion for leave." Fed. R. Bankr. P. 8004(d).

### C. *Appellate review*

When reviewing the decisions of a bankruptcy court, a district court reviews the bankruptcy court's factual findings under a clear error standard, and its conclusions of law under a *de novo* standard. *Aponte-Betancourt v. Empresas Omajede, Inc. (In re Empresas Omajede, Inc.)*, 283 B.R. 636, 638 (2002) (citing *In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir. 1991); *In re López*, 138 B.R. 348, 349 (D.P.R. 1992)). "Absent either a mistake of law or an abuse of discretion, the bankruptcy court ruling must stand." *In re Salem Suede, Inc.*, 268 F.3d 42, 44 (1st Cir. 2001); *Pawtucket Credit Union v. Haase (In re Haase)*, 306 B.R. 415, 418 (1st Cir. B.A.P 2004).[7]

---

[7] A factual finding is "clearly erroneous" only when the appellate court is left "with the definite and firm conviction that a mistake has been committed." *In re Salem Suede, Inc.*, 268 F.3d 42, 44 (1st Cir. 2001) (citing *In re The Bible Speaks*, 869 F.2d 628, 630 (1st Cir. 1989) (quoting *Anderson v. Bessemer City*, 470 U.S. 564 (1985)). Meanwhile, an abuse of discretion can occur when the bankruptcy court ignores "a material factor that deserves significant weight, relying on an improper factor, or even if it mulls only the proper mix of factors, by making a serious mistake in judgment." *Pawtucket Credit Union v. Haase (In re Haase)*, 306 B.R. 415, 418 (1st Cir. B.A.P 2004) (citing *Siedle v. Putnam Invs., Inc.* 147 F.3d 7, 10 (1st Cir. 1998)).

### III.     Analysis

PRA seeks appeal from the Bankruptcy Court's determination, issued in open court, that PRA lacked standing to request the striking, suppressing and/or reopening of the discovery in the contested matter within the bankruptcy case, that is, debtors' contesting the involuntary petitions via motion to dismiss. *See* **ECF Nos. 3, 12-2, 17**. First, PRA contends that the Bankruptcy Court erred in its interpretation of applicable law. According to PRA, Fed. R. Bankr. P. 1018, which allows the bankruptcy court to discretionally apply Rule 19, applies to proceedings contesting an involuntary petition such as the one at issue there. PRA argues that it has standing since it is a necessary party pursuant to Rule 19, made applicable by Fed. R. Bankr. P. 7019.

Secondly, PRA asserts that the court incorrectly disregarded the applicability of Fed. R. Bankr. P. 1018 in this case, which extends Rule 26's application to involuntary petitions. Instead, the Bankruptcy Court held that only Fed. R. Bankr. P. 1017 applied – which precludes the applicability of certain provisions of Rule 26 to contested matters-, and consequently refused to strike lenders' expert's report for failure to comply with Rules 26(a)(2) and (b)(4). Lastly, PRA asserts that the Bankruptcy Court erred by: not suppressing PRA's deposition; not excluding the lenders' pretrial reports; allowing the use of exhibits in the Spanish language; and allowing proposed statements, findings, and exhibits that were inadmissible hearsay.

Based on the foregoing, PRA asks this Court to remand the case to the Bankruptcy Court "with an order to reopen the discovery proceedings, to order PRA's inclusion in the discovery proceedings and, once discovery closes, to hold a jury trial with PRA's participation as a party

in interest, to afford PRA with due process and a fair adjudication of the controversies pending before the Bankruptcy Court regarding the contesting of the involuntary petitions." **ECF No. 17**.

In their motion to dismiss, lenders argue that PRA's appeal must be dismissed for lack of jurisdiction. **ECF No. 33**. Specifically, lenders posit that PRA lacks appellate standing since it fails to satisfy the "person aggrieved" standard needed to appeal a bankruptcy court order. *Id*. Lenders further reason that insofar as PRA is not a debtor nor named in the involuntary proceedings, PRA lacks standing to contest the involuntary petitions, the discovery orders pertaining to the contested matter, and to file the instant appeal. *Id*.

In opposition, PRA submits various arguments centered on their alleged standing to file the instant appeal and this Court's jurisdiction to entertain the appeal. **ECF No. 44, 48.** On one hand, PRA argues it has standing as a necessary party in the contested matter, *i.e.* the motion to dismiss the involuntary proceedings. PRA further contends that, as debtors' creditor and lessee of some of the debtors' asphalt plants, it has standing as an "aggrieved party" whose "rights and interests are affected" by the Bankruptcy Court's order. In addition to the standing argument, PRA proffers that this Court should exercise its discretionary appellate jurisdiction over the interlocutory order, citing the collateral order doctrine as well as 28 U.S.C. §158.

Since this Court must review a party's appellate standing in order to determine its jurisdiction before delving into the merits of the appeal, we address this matter as a threshold issue. *Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council*, 589 F.3d 458, 467 (1st Cir. 2009); *Arroyo v. Scotiabank de Puerto Rico (In re Arroyo)*, 489 B.R. 486, 487-488 (1st Cir. B.A.P. 2013)

(citing *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992)). Following the more restrictive standing criteria within bankruptcy proceedings, in this Circuit, a "person aggrieved" by a bankruptcy court order only has standing to appeal when its pecuniary interests are "directly and adversely" affected by a bankruptcy court order. *Cousins Int'l Food Corp.*, 565 B.R. at 458 (quoting *Spenlinhauer*, 261 F.3d at 117-18).

To qualify as a "person aggrieved", a movant must prove that the "order diminishes his property, increases his burdens, or impairs his rights." *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987); *Spenlinhauer*, 261 F.3d at 118; *In re Arroyo*, 489 B.R. 486 at 488 (citations omitted); *Aja v. Emigrant Funding Corp. (In re Aja)*, 442 B.R. 857, 861 (1st Cir. B.A.P. 2011); *Kehoe v. Schindler (In re Kehoe)*, 221 B.R. 285, 287 (1st Cir. B.A.P. 1998) (collecting cases). First Circuit case law is clear that "a plaintiff wishing to establish standing must show 'a concrete and particularized injury in fact, a causal connection that permits tracing the claimed injury to the defendant's actions, and a likelihood that prevailing in the action will afford some redress for the injury.'" *Weaver's Cove Energy, LLC,* 589 F.3d at 467 (citing *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 92 (1st Cir. 2008)).

Addressing whether the "person aggrieved" standard is met, generally considered a question of fact for the district court[8], is crucial since "[t]he nature of bankruptcy litigation, with

---

[8] PRA acknowledges that determining whether an appellant is an "aggrieved party" is generally considered a question of fact. However, they incorrectly aver that this issue should have been considered by the Bankruptcy Court during the evidentiary hearing. PRA's reliance on *Gen. Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 188 (3d Cir. 1993) in support of such argument is simply misplaced. *In re Dykes*, as well as ample case law

its myriad of parties, directly or indirectly involved or affected by each order and decision of the bankruptcy court, mandates that the right of appellate review be limited to those persons whose interests are directly affected." *In re El San Juan Hotel*, 809 F.2d at 154 (citations omitted).

Courts have found that potential or possible adverse effects have been held as insufficient to afford appellate standing. *See Advantage Healthplan, Inc.*, 391 B.R. at 540 (finding that the possibility of litigation does not meet theperson aggrieved standard); *In re El San Juan Hotel*, 809 F.2d at 155 (finding that a former trustee whose only interest or burden is as a future party defendant does not qualify as an "aggrieved person"); *Opportunity Fin., LLC v. Kelley*, 822 F.3d 451, 458 (8th Cir. 2016) (holding that an adversary defendant is not a person aggrieved, even if the bankruptcy court order strips the defendant of a defense in the adversary proceedings); *In re San Juan Star Co.*, 662 F.2d 108, 112 (1st Cir. 1981) (it is clear that the "potential burdens of litigation or relitigation cannot alone constitute the requisite harm.")

Additionally, in this context, it is important to keep in mind that the "person aggrieved" standard is separate and distinct from the "party in interest" standard. *In re Meridian Venture Partners, LLC*, No. 13-8021, 2013 Bankr. LEXIS 5216, *16-17 (6th Cir. B.A.P. 2013). Since §1109(b) of the Bankruptcy Code does not confer appellate standing, "merely being a party in interest is insufficient to confer appellate standing." *Advantage Healthplan, Inc.*, 391 B.R. at 540 (citing *In re Salant Corp.*, 176 B.R. 131, 134 (S.D.N.Y. 1994)). Consequently, PRA's arguments that it was a

---

regarding this matter, clearly establish that the "person aggrieved" standard is a question of fact for the district court to decide when determining whether an appellant is eligible for appellate review of a bankruptcy court order.

necessary party or a party in interest are plainly insufficient to confer appellate standing. *See Cousins Int'l Food, Corp*, 565 B.R. at 459 ("qualifying as an interested party with standing to participate in bankruptcy court proceedings is not necessarily synonymous with being a 'person aggrieved' for appellate standing purposes.")

A cursory review of PRA's allegations on this issue reveals speculative or potentially adverse effects that have yet to materialize, precluding appellate standing under the "person aggrieved" standard. Specifically, PRA proffers that it "faces a considerable diminution in assets, and increase in its liabilities, duplicative liabilities and impairment of its leasehold and business rights for being unable to participate in discovery and being unable to present any evidence to defend itself at trial." **ECF No. 48** at 18. PRA further argues that it is "currently prevented from collecting or setting off any claims against Debtors, and faces a substantial loss of its payables from Debtors due to the bankruptcy imposed by Lenders and allowed by the Bankruptcy Court without PRA's participation to confront the Lenders' allegations", and that its "interests over the leased properties and operations of the asphalt plants stand to be substantially and irrevocably injured, by allowing Lenders to garnish and foreclose on said properties, even if the Lenders are Debtors' and not PRA's creditors." *Id.* at 21-22. PRA also informs that pursuant to the Bankruptcy Court's order for relief, lenders sent PRA "a cash collateral letter stating that PRA must pay directly to Lenders all amounts due to Debtors, including rent, royalties and other amounts." *Id.* at 20-21. Lastly, PRA posits that "[a]s an unsecured creditor, it will not receive any payments in a liquidation scenario and its prepetition claims will be adversely affected or 'wiped out' after

the payment of administrative expense claims, secured claims and priority unsecured claims."
*Id*. at 20.

Case law is clear that scenarios of possible or potential negative effects, as those cited by PRA, do not suffice to satisfy the "person aggrieved" standard. *See Potter*, 391 B.R. at 540; *In re El San Juan Hotel*, 809 F.2d at 155; *Cousins Int'l Food Corp.*, 565 B.R. at 458. Any pecuniary impact alleged by an appellant must be direct, real and immediate, not merely speculative; potential harm from a future order of relief is simply not enough. *See Cousins Int'l Food Corp.*, 565 B.R. at 458; *In re El San Juan Hotel*, 809 F.2d at 154; *see also Rohn & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994) (noting that pecuniary impact must be "real and immediate"); *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 384-86 (5th Cir. 2015) (finding that equity owner was not aggrieved by order allowing trustee to employ special counsel, even though special counsel's purpose was to pierce the corporate veil to reach equity owner's other companies and assets); *Neutra, Ltd. v. Terry (In re Acis Capital Mgmt., L.P.)*, 604 B.R. 484, 510 (N.D. Tx. 2019)(holding that although the orders for relief created the possibility that Neutra might suffer harm in the future, Neutra was not aggrieved by them for standing purposes because "[the] speculative prospect of harm is far from a direct, adverse, pecuniary hit"); *In re Packard Square, LLC*, Case No. 17-cv-14089, 2018 U.S. Dist. LEXIS 79710, *8-9 (E.D. Mi. May 11, 2018) (finding that having a financial stake in the Bankruptcy Court's order barring appellants from filing an involuntary petition is not a direct and impairment of appellants' rights or pecuniary interests). In fact, even if "a once-speculative harm actually came to pass does not mean that the

  
harm was initially likely to happen" so as to satisfy the "'higher causal nexus between act and injury' that the person aggrieved test demands." *In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 510 (N.D. Tx. 2019) (citing *Furlough v. Cage (In re Technicool Sys.)*, 896 F.3d 382, 385-86 (5th Cir. 2018)).

As lenders point out, the involuntary petition was not filed against PRA nor have they initiated any adversary proceedings against PRA.[9] **ECF No. 55**. PRA is not a debtor or creditor within the Bankruptcy Proceedings. Moreover, PRA is not directly affected by the Order for Relief subsequently issued by the Bankruptcy Court, since it was issued against debtors, not PRA. *Id.* Therefore, PRA is at most a potential adversary defendant in future proceedings, which is insufficient to confer "party aggrieved" status. As the Sixth Circuit pointed out, no court has held that "[t]he burden of defending a lawsuit, however onerous or unpleasant, is the sort of direct and immediate harm that makes a party 'aggrieved' so as to confer standing in a bankruptcy appeal." *Moran v. LTV Steel Co. (In re LTV Steel Co.)*, 560 F.3d 449, 453 (6th Cir. 2009) (collecting cases); *see cf. Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1326 (11th Cir. 2014) (noting that a bankruptcy order which allows adversary proceedings to move forward do not cause adversary defendants the type of direct harm necessary to satisfy the person aggrieved standard). Moreover, "a person is not 'aggrieved' when the interests harmed by a court order are not interests the Bankruptcy Code seeks to protect or regulate. *In re*

---

[9] The adversary proceeding which PRA cited in its notice of appearance, Adversary case 18-00111. 13, filed by Bituven Puerto Rico, LLC against Betteroads Asphalt, LLC and Puerto Rico Asphalt, LLC, was closed as of January 22, 2019. *See* **BP 17-4156, ECF No. 249**.

*Ernie Haire Ford, Inc.)*, 764 F.3d at 1326 (collecting cases). Avoiding potential liability is certainly not protected by the Bankruptcy Code. *See id*. (collecting cases).

The fact that the ongoing bankruptcy proceedings or its outcome may impact PRA to some degree is not a concrete and particularized injury which confers appellate standing. Considering bankruptcy litigation impacts a "myriad of parties, directly or indirectly involved or affected by each order and decision of the bankruptcy court," unfettered appellate review would defeat its purpose and celerity. *See In re El San Juan Hotel*, 809 F.2d at 154. Necessarily, "[t]he person aggrieved test does not take into account every injury caused by the bankruptcy case as a whole, but instead asks whether 'the order of the bankruptcy court . . . directly and adversely affect[s] the appellant pecuniarily.'" *In re Acis Capital Mgmt., L.P.*, 604 B.R. at 510 (citing *Fortune Nat. Res. Corp.*, 806 F.3d at 367).

Lastly, the Court notes that the instant appeal hinges on the Bankruptcy Court's decision to deny PRA standing to seek the suppression of lenders' evidence, thus necessarily allowing lenders to present such evidence during the bad-faith contested matter hearing. However, the record shows that after the debtors concluded presenting evidence in support of their motion to dismiss, lenders moved for denial of debtors' motion to dismiss and entry of judgment pursuant to Fed. Bankr. R. 7052, arguing that debtors failed to meet the requisite burden of proof regarding their bad faith arguments in support of their motion to dismiss the involuntary petitions. *See* **BP 17-4156, ECF No. 520** at 8. Consequently, the lenders did not submit PRA's

deposition, any expert report, or any evidence for that matter during the hearing.[10] Subsequently, the Bankruptcy Court issued an Opinion and Order holding that the debtors did not meet the threshold showing to establish that the involuntary petitions were filed for an improper purpose or bad faith. **BP No. 17-4156, ECF No. 520; BP No. 17-4157, ECF No. 362**. Consequently, none of the evidence debtors and PRA sought to exclude was introduced in evidence at the hearings, rendering PRA's request for the suppression of evidence or reopening of discovery as it pertains to the bad faith issue moot.[11] Granting the relief sought by PRA via the instant appeal – *i.e.* remand to the Bankruptcy Court with instructions to grant PRA's motion to suppress evidence that was never introduced during the hearing - would be a useless endeavor and a waste of valuable resources.

Considering the speculative nature of PRA's purported "injuries" and the lack of a concrete and immediate pecuniary effect as a result of the Bankruptcy Court's order herein appealed, this Court finds that PRA lacks standing to pursue the instant appeal. Therefore, dismissal is proper on these grounds.

For the sake of argument, even if this Court found that appellant had standing to pursue this appeal, a review of the record shows that there are no grounds to grant appellate jurisdiction in this case. It is well settled that a federal district court has jurisdiction to hear appeals—and an

---

[10] As to PRA's argument to suppress lenders' pretrial reports and proposed statements of fact, it is well settled that statements and arguments by counsel are not evidence. *Sosa-Pérez v. Sessions*, 884 F.3d 74, 83 (1st Cir. 2018).

[11] "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt.*, 589 F.3d 458, 468 (1st Cir. 2009) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

aggrieved litigant may appeal as of right— "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). A decision is final if it "ends the ligation on the merits and leaves nothing for the court to do but execute the judgment." *In re Bank of New. Eng. Corp.*, 218 B.R. at 646 (citing *Catlin V. United States*, 324 U.S. 229, 233 (1945)).

An appeal from an interlocutory order, however, rests on the court's discretion. *Rodríguez-Borges v. Lugo-Mender*, 938 F. Supp. 2d 202, 207 (D.P.R. 2013). This follows the fact that an interlocutory order "only decides some intervening matter pertaining to the cause," and "requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.)*, 218 B.R. 643, 646-47 (1st Cir. B.A.P. 1998) (citing *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir. 1985)). Courts have noted that "[b]ankruptcy matters, with assorted disputes -- e.g., adversary proceedings, administrative applications, and contested matters -- within the larger liquidation or reorganization case, are the object of 'special considerations' under the finality doctrine." *Id.* at 647 (collecting cases). This is so because "a bankruptcy case holds more potential for the resolution of discrete disputes that might qualify as 'judicial units' for purposes of appeal." *Id*. Yet, a bankruptcy court's order is not appealable "unless it conclusively determines 'a discrete dispute within the larger case.'" *Id.* (citing *Estancias La Ponderosa Dev. Corp. v. Harrington (In re Harrington)*, 992 F.2d 3, 5 (1st Cir. 1993)); *see Rodríguez-Borges*, 938 F. Supp. 2d at 208.

This appeal deals with a bench order issued within a discrete dispute in the bankruptcy case, namely the determination of whether petitioning creditors filed the involuntary

proceedings in bath faith as it pertained to debtors' motions to dismiss the involuntary proceedings. A review of the records before the Bankruptcy Court in **BP Nos. 4156** and **4157** shows that on June 27, 2017, the debtors filed motions requesting dismissal of the involuntary petitions, arguing that they were filed in bad faith. *See* **BP 17-4156, ECF No. 46; BP 17-4157, ECF No. 27**. Upon finding that bad faith in such context was a fact intensive issue, the Bankruptcy Court set an evidentiary hearing in order to determine whether the involuntary petitions were indeed filed in bad faith. Discovery then ensued between the parties, that is, petitioning creditors and debtors; they exchanged discovery schedules, conducted depositions and finally submitted pretrial reports prior to the evidentiary hearing. Some discovery disputes arose, including debtors' motion to suppress certain evidence.

Two days prior to the evidentiary hearing, arguing it was an necessary party to the petitions, PRA filed a motion seeking suppression of evidence, exhibits, and the lenders' proposed facts from the record or disallowing their use "at trial." **BP 17-4156, ECF No. 428; BP 17-4157, ECF No. 298.** PRA further sought the reopening of discovery to allow them to "examine, cross-examine and allow its own discovery." *Id.*

During the June 27, 2019 evidentiary hearing, the Bankruptcy Court addressed various matters pertaining to debtors' motion to dismiss the involuntary petition as well as the pending motions and discovery disputes. *See* **BP 17-4156, ECF No. 480; BP 17-4157, ECF No. 339.** In open court, lenders opposed PRA's motion to suppress. Counsel for PRA, for its part, argued in support of their motion, noting that: lenders had not submitted a final expert report and the

report was not signed; they were deprived of the right to depose the expert since the report was provided on June 20, 2019; PRA had standing pursuant to Rule 19 since the court's ruling would affect PRA's rights and interests; and notice should've been given to PRA during discovery in order to defend itself from the allegations from the lenders.

Upon hearing the parties' arguments, the Bankruptcy Court concluded that PRA lacked standing to request the striking, suppression or reopening of discovery since it was only subject to discovery regarding the contested matter, *i.e.*, the motion to dismiss filed by the debtors. The court further noted the petitioning creditors did not file an involuntary petition against PRA and it was up to such creditors to decide whether PRA would be joined as a debtor. According to the court, based on the allegations on the pretrial reports and motions filed by the parties, PRA was the subject of discovery only regarding the pending issue of good/bad faith mainly because the debtors' purported transfers to PRA led to the filing of the instant petitions. Lastly, the court reiterated the inapplicability of certain provisions of Rule 26 in contested matters, precluding PRA's claims under such rule.

Undoubtedly, the Bankruptcy Court's bench ruling object of this appeal did not conclusively resolve the bad faith issue or debtors' motion to dismiss; indeed, the Bankruptcy Court reached a similar conclusion when denying PRA's request for stay pending appeal. *See* **BP 17-4156, ECF No. 454; BP 17-4157, ECF No. 314**. Instead, the Bankruptcy Court's interlocutory order limited the scope of discovery pertaining to the contested matter to the parties (debtors and petitioning creditors) and allowed the contested matter to follow its course. This Court is

not persuaded by PRA's proffer that the bench order was not interlocutory because it was final and appealable as to them.[12] Consequently, we address such order as interlocutory.

It is uncontested that PRA did not request leave to appeal the Bankruptcy Court's interlocutory order or findings. Even treating their notice to appeal as a motion for leave under Fed. R. Bankr. P 8004(d), however, this Court finds that appellate jurisdiction does not lie. Leave to appeal may issue if the appeal qualifies under one of two precepts conferring appellate jurisdiction over interlocutory appeals: the collateral order doctrine or application of the criteria governing § 158(a)(3) review of interlocutory orders, none of which apply here. *See In re Bank of New Eng. Corp.*, 218 B.R. at 649.

A. *Discretionary authority under 28 U.S.C. §158(a)(3)*

Since §158 does not provide any express criteria for how the federal courts should exercise their discretion in determining whether to preside over an interlocutory appeal, courts must look to §1292(b), which sets the standard for the jurisdiction over interlocutory appeals. *In re Rodríguez-Martínez*, 541 B.R. 539, 541 (D.P.R. 2015) (citing *In re Watson*, 309 B.R. at 659). The First Circuit has made clear that the "[a]pplication of [section] 158(a)(3) review of interlocutory orders mirrors application of [ 28 U.S.C.] § 1292(b)." *Id.* at 542 (citing *In re Watson*, 309 B.R. at 659 and *In re Bank of New Eng. Corp.)*, 218 B.R. at 646). In deciding whether to grant or deny a motion for interlocutory appeal under such section, courts must examine whether "(1) the order involves a

---

[12] The Court notes that despite this proffer, PRA also seems to concede the interlocutory nature of the order herein appealed.

controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* at 542 (citing *In re Bank of New. Eng. Corp.*, 218 B.R. at 652). Within this analysis, courts must bear in mind that interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances. *Rodríguez-Borges v. Lugo-Mender*, 938 F.Supp. 2d 202, 212 (D.P.R. 2013) (citing *State Insurance Fund Corp. v. Medsci Diagnostics, Inc.*, No. 10-2239, 2012 U.S. Dist. LEXIS 32637 (D.P.R. Mar. 9, 2012); *see also Speer v. Tow (In re Royce Homes LP)*, 466 B.R. 81, 94-95 (Tx. S.D. 2012) (collecting cases).

It is important to bear in mind that "[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge." *Speer v. Tow (In re Royce Homes LP)*, 466 B.R. 81, 94 (S.D. Tx. 2012) (citing *Hoffenberg v. Cohen (In re Towers Fin. Corp.)*, 164 B.R. 719, 721 (S.D.N.Y. 1994)). "Even under the more relaxed standards of finality applicable to bankruptcy cases, discovery orders generally are held to be interlocutory and non-appealable." *In re Rivera Balaguer*, 248 F. Supp. 3d 329, 338 (D.P.R. 2017) (citing *Countrywide Home Loans, Inc. v. Office of the United States Tr.*, No. 08-617, 2008 U.S. Dist. LEXIS 45828, *10 (W.D. Pa. June 11, 2008) (collecting cases); *see also In re Tullius*, EP-11-mc-365-KC, 2011 U.S. Dist. LEXIS 121629, *8-9 (W.Tx.D. Oct. 20, 2011) (courts are hesitant to grant leave to appeal interlocutory orders relating to discovery) (collecting cases); *In re Royce Homes LP*, 466 B.R. at 93-95 (court's order granting

the trustee's motion to compel production of documents over privilege assertions resolves a discrete issue, not a discrete dispute, as it is "too small a litigation unit to justify treatment as a final judgment[,]").

Considering the facts of this case, an analysis of the factors this Court must consider in determining whether to allow an interlocutory appeal under §158 tilts the odds against PRA. As to the first factor, the interlocutory order herein appealed does not present a question of law which controls the outcome of the contested matter or the underlying case. *See In re Bank of New Eng. Corp.*, 218 B.R. at 652. The Bankruptcy Court's order hinged on the extent of discovery and PRA's standing as it pertained to the contested matter at hand, which falls squarely within its discretion. Rule 1018 grants the bankruptcy courts discretion to apply Rule 7019 as well as other procedural rules not specifically allowed in the statute. Consequently, this Court will not set aside the Bankruptcy Court's ruling on this point, disallowing PRA standing to seek suppression of evidence within the contested matter, without clear evidence of legal error or an abuse of discretion.[13]

Pertaining to the second factor, there is no unsettled pivotal or significant question of law that warrants exercising our discretionary appellate jurisdiction. *See In re Bank of New Eng. Corp.*, 218 B.R. at 653. PRA's dissatisfaction with the Bankruptcy Court's application of the law to the

---

[13] This Court notes that in its July 12, 2019 Opinion denying PRA's request for a stay pending appeal, the Bankruptcy Court reconsidered its prior holding and held that Fed. R. Bankr. P. 1018 is applicable to contested involuntary petitions, thus Fed. R. Civ. P. 26 also applied in such context. Even so, the Bankruptcy Court reiterated its denial of the debtor's motion *in limine* without prejudice as premature since the report was not submitted for the Court's review. *See* **BP 17-4156, ECF No. 454**.

facts or exercise of the discretion afforded by the rules clearly does not satisfy this second prong.

*State Ins. Fund Corp. v. Medsci Diagnostics, Inc.*, Civil No. 10-2239, 2012 U.S. Dist. LEXIS 32637, *10

(D.P.R. March 9, 2012). Any dispute as to the applicability of Rule 1018, which ultimately grants

the Bankruptcy Court broad discretion, does "not rise to the level of difficulty and significance

required under § 1292(b)." *See In re Bank of New Eng. Corp.*, 218 B.R. at 653. Simply, there are no

exceptional circumstances which warrant the instant interlocutory appeal which hinges on

PRA's purported standing to suppress discovery as it pertains to the contested matter. As to the

final consideration, we find that an immediate appeal from the Bankruptcy Court's interlocutory

order would not materially advance the ultimate termination of the litigation. *See In re Bank of*

*New Eng. Corp.*, 218 B.R. at 654. Contrarily, it would unduly hinder and delay the bankruptcy

proceedings. More so considering that the evidence PRA sought to suppress was never

submitted to the Bankruptcy Court within the contested matter. Therefore, exercising

discretionary appellate jurisdiction under § 158(a)(3) is not warranted here.

   B.  *Collateral Order Doctrine*

   The collateral order doctrine was first identified by the Supreme Court in *Cohen v.*

*Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). It refers to "'a small class' of decisions, termed

'collateral orders,' 'which finally determine claims of right separable from and collateral to,

rights asserted in the action, too important to be denied review and too independent of the cause

itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *In*

*Re: Bank of New. Eng.*, 218 B.R. at 649 (citing *Cohen*, 337 U.S. at 546).

This "doctrine is applied narrowly and interpreted strictly." *United States v. Quintana-Aguayo*, 235 F.3d 682, 684 (1st Cir. 2000); *Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 26 (1st Cir. 2008). Recently, the Supreme Court reiterated the "modest scope" of the collateral doctrine order noting that "although the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership." *Will v. Hallock*, 546 U.S. 345, 349 (2006).

A three-pronged test was established to determine whether an order that does not finally resolve a litigation is nonetheless appealable under the collateral order doctrine. The order on appeal must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Will*, 546 U.S. at 349; *see also In re Bank of New Eng. Corp.*, 218 B.R. at 649; *Lee-Barnes*, 513 F.3d at 25. The Supreme Court described these conditions as "stringent," noting that "[u]nless they are kept so, the underlying doctrine will overpower the substantial finality interests § 1291 is meant to further." *Will*, 546 U.S. at 347 (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988) (superseded by statute on other grounds) ("If the order at issue fails to satisfy any one of [Cohen's] requirements, it is not appealable under the collateral-order [doctrine].")

Aside from mentioning that the doctrine applies here, PRA fails to argue how the Bankruptcy Court's interlocutory order complies with the three-prong test established by the

Supreme Court, falling within the "narrow and selective" class of collaterally appealable orders. *See Will*, 546 U.S. at 350. Absent a showing of this initial burden, PRA's argument fails. Even so, this Court finds that the denial of the motion to suppress did not conclusively determine the contested matter and it does not resolve an important legal question, which is unreviewable on appeal from a final judgment. *See In re Bank of New Eng. Corp.*, 218 B.R. at 650; *Lee-Barnes*, 513 F.3d at 26. PRA has certainly not shown the urgency or irreparable harm required for the collateral order doctrine to apply. *Lee-Barnes*, 513 F.3d at 26. The issue presented here for appeal cannot be considered "weightier than the societal interests advanced by the ordinary operation of final judgment principles." *Id.* (citation omitted).

Additionally, "many courts have declined to apply the collateral-order doctrine to allow immediate review of discovery orders issued by bankruptcy courts." *In re Royce Homes LP)*, 466 B.R. at 93 (collecting cases); *see also La Tierra Interiors, Inc. v. Wash. Fed. Savings (In re Tullius)*, 500 Fed. Appx. 286, 292 (5th Cir. 2012) ("federal district courts have routinely declined to apply the doctrine to allow immediate appeal of a bankruptcy court's discovery orders.")

Considering the above, there is no question that the Bankruptcy Court's decision to deny PRA's motion to suppress on standing grounds was an interlocutory step in the ongoing contested matter, which eventually led to a finding that lenders did not file the involuntary petitions in bad faith and ultimately denying debtors' motions to dismiss. PRA has not established that it is a "person aggrieved" for standing purposes, and even if PRA had standing as an aggrieved party, appellate jurisdiction over the Bankruptcy Court's interlocutory

discovery order is not warranted under either the collateral order doctrine or §158. As such,

jurisdiction is lacking here, and dismissal is proper.

**IV.    Conclusion**

Considering the above, lenders' motion to dismiss is **GRANTED**.  The instant appeal is

**DISMISSED with prejudice**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th  day of May, 2020.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**
